This is a suit to foreclose a mortgage dated May 12th, 1941, made by John Ravannah to Ruth Schwartzberg to secure $375. The mortgage was assigned to complainant June 10th, 1942. From the date of the mortgage to the present time the mortgagee or her assignee through attorneys, has collected the rents of the mortgaged premises. The amount due on the mortgage is dependent on the accounting for the rents. I will state the *Page 70 
account in two parts — from the date of the mortgage to the assignment and from the assignment to the present time.
Principal sum ......................................... $375.00
Interest to May 12, 1942 .............................. 14.09
Taxes paid May 9, 1942 ................................ 188.82
Interest on taxes to May 12, 1942 ..................... .09
 _______
 $578.00
Rents collected for Schwartzberg ............. $573.50
Rent commission ...................... $28.67
Repairs .............................. 56.33
Insurance ............................ 7.50
Paid Ravannah ........................ 258.00
 ______ 350.50
Balance applied to mortgage ........................... 223.00
 _______
Balance due on mortgage June 10/42 .................... $355.00
Interest from May 12/42 to Jan. 12/43 ................. 12.00
 _______
 Total ......................................... $367.00
Rents collected for Taylor ................... $187.00
Rent commission ...................... $9.35
Repairs .............................. 50.00
 ______ 59.35
Balance applied to mortgage ........................... 127.65
 _______
Balance due on mortgage Jan. 12/43 .................... $239.35
 (Rents collected since hearing, Jan. 4/43, should be deducted.)

Four items shown in the account presented by complainant have been disallowed and not included above: Payment to Ravannah of $25, May 17th, 1941, appears from his receipt to be a part of the principal sum of $375. Ravannah is charged with $26 in October and the same sum in November. He is also charged with a personal loan of $10 in November and again in January. In each instance there is supporting data for only one payment.
The principal item omitted is the tax sale certificate bought by Mrs. Schwartzberg October 29th, 1941, for $116.25. This is a lien on the property independent of the mortgage. It does not appear to have been assigned to complainant. If the premises are sold in the foreclosure suit in the present state of the record the purchaser will take subject to this lien, and to protect himself will have to pay it. It would *Page 71 
be inequitable therefore to include it in the money due on the mortgage. If, however, it has been assigned to complainant so that he is in a position to cancel it, then the amount paid for the tax certificate with interest may be added to the account above stated.
In view of the fact that each party has prevailed in part on the account, no counsel fee will be allowed complainant beyond that allowed in uncontested cases.
Taxed costs will be taxed at half the usual amount. R.S.2:65-29. Included in the costs may be a search fee of $22.23, half of the sum shown in the affidavit annexed to the search. *Page 72